UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

|  |  |
|---|---|
| Larry Ray Horn,<br><br>Debtor. | Case No. 12-50207 |

**ORDER AND OPINION GRANTING MOTION FOR RELIEF FROM STAY**

THIS MATTER came on for hearing before the undersigned bankruptcy judge upon Ronnie Delp Hubble's Motion for Relief from the Automatic Stay ("Motion for Relief"). Anthony Vrsecky appeared on behalf of the Debtor, Thomas Anderson and John Morrow appeared as Special Counsel for the Debtor, Kristen Nardone appeared on behalf of Ronnie Delp Hubble, Jennifer Ledford appeared on behalf of Gwendolyn Horn, Robert E. Price, Jr. appeared on behalf of the Bankruptcy Administrator, and Kathryn L. Bringle appeared on behalf of the Chapter 13 Trustee. Having considered the Motion for Relief, the evidence offered at the hearing, and the arguments of counsel, the Court makes the following findings of facts and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

**FACTS**

Ronnie Delp Hubble (the "Movant") and Barbarann Long Hubble ("Ms. Hubble") were married on April 8, 1989. The couple lived together for a number of years until they separated on March 1, 2011. On October 13, 2011, the Movant commenced a lawsuit against the Debtor in the Superior Court of Forsyth County, North Carolina alleging claims of alienation of affection and criminal conversation ("state court action"). In the Complaint, the Movant alleges that the Debtor and Ms. Hubble were involved in an affair for a period of months prior to the Movant's

1

separation from Ms. Hubble. In the state court action, the Debtor has filed an Answer to the Complaint, both sides have conducted depositions, the Movant's attorney has served interrogatories upon Special Counsel for the Debtor, and the parties have agreed to a mediator for a mandatory mediation session.

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 12, 2012. On his Schedule F, the Debtor listed the Movant as the holder of an unsecured nonpriority claim in the amount of $10,000 for a "Pending Claim for Alienation of Affection." The Debtor indicated that the claim is unliquidated and disputed. The Debtor also listed the lawsuit on his Statement of Financial Affairs.

On February 28, 2012, the Movant filed the Motion for Relief pursuant to § 362(d)(1) of the Code requesting that the Court lift the automatic stay to permit him to proceed against the Debtor in the state court action, with any judgment obtained to be enforced through the bankruptcy court. On March 19, 2012, the Debtor filed an Objection to the Motion for Relief. The Chapter 13 Trustee did not object.

The parties presented evidence at the hearing on this matter from which the Court also concludes as follows:

(1) A significant portion of discovery has been conducted in the state court action.

(2) A declaratory judgment action, *Oliver v. Filipowski* (10 CV 764), is currently pending in the United States District Court for the Middle District of North Carolina challenging the constitutionality of alienation of affection and criminal conversation claims. The parties in that declaratory judgment action are unrelated to the parties in this case.

(3) Alienation of affection and criminal conversation are presently valid claims in North Carolina. *See* N.C. Gen. Stat. 52-13; *Cannon v. Miller*, 313 N.C. 324 (1985).

(4) The Debtor's own evidence is that the single potential prejudice to the Debtor if the stay is lifted is that the Debtor would incur the expense of trial.

## DISCUSSION

Section 362(d)(1) of the Bankruptcy Code dictates that "the court shall grant relief from the automatic stay under [§ 362(a)] . . . , such as by terminating, annulling, modifying, or conditioning such stay . . . *for cause* . . . ." 11 U.S.C. § 362(d)(1) (emphasis added). This provision provides a bankruptcy judge with broad discretion to determine when "cause" is sufficient to lift the automatic stay. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). *See also In re Neals*, 459 B.R. 612, 619 (Bankr. D.S.C. 2011). As the phrase "for cause" is not defined in the Bankruptcy Code, bankruptcy courts are required to conduct a case-by-case inquiry to decide when such discretionary relief is appropriate. *Ivester v. Miller*, 398 B.R. 408, 425 (M.D.N.C. 2008) (citing *Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir. 1994)). The Fourth Circuit, in *In re Robbins*, set forth three factors that courts are to consider when determining whether to lift the automatic stay. *Robbins*, 964 F.2d at 345. These include:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Id.* In applying the *Robbins* factors, courts must harmonize the "potential prejudice to the debtor's estate if the stay is lifted and litigation is permitted to proceed in another forum" with "the hardships that will be experienced by the party seeking relief from the stay if relief is denied

3

and that party is required to pursue the litigation in the bankruptcy court." *In re Joyner*, 416 B.R. 190, 192 (Bankr. M.D.N.C. 2009) (citing *Robbins*, 964 F.2d at 345).

In this case, the Debtor contends that the state court action involves federal law because the Debtor has raised the issue of the constitutionality of North Carolina's alienation of affection and criminal conversation claims. Specifically, the Debtor asserts that the state court action for alienation of affection and criminal conversation claims should be stayed due to the currently pending, completely separate, declaratory judgment action in the District Court, *Oliver v. Filipowski*.[1] The court finds that whether the state court action should be stayed pending the outcome of *Oliver v. Filipowski* is a matter more appropriately determined by the state court than the bankruptcy court. Not only is the expertise of the bankruptcy court unnecessary, but all parties agree that this action cannot be litigated in the bankruptcy court absent consent, and likely not even then. *See* 28 U.S.C. § 157(b)(5); *In re Arnold*, 407 B.R. 849, 853 (Bankr. M.D.N.C. 2009) (holding that a defamation claim was a "personal injury tort claim" that the court was statutorily barred from trying); *In re Nifong,* 2008 WL 2203149, at *3 (Bankr. M.D.N.C. May 27, 2008) (lifting the stay after concluding that the "claims asserted against the Debtor that are claims under section 1983 are personal injury torts for purposes of section 157(b)(5) and that this court therefore lacks jurisdiction to adjudicate and liquidate those claims").

As for whether modifying the stay will promote judicial economy, again, as stated above, the claims asserted in the state court action cannot be heard by this court. Thus, whether these claims can be handled more expediently by the bankruptcy court is moot. Additionally, a significant portion of discovery has already been conducted in the state court action. To stall the discovery process and possibly jeopardize some of the work that has already been done would

---

[1] Counsel for the Debtor asserts that all state court actions for alienation of affection and criminal conversation currently pending in North Carolina state courts should be stayed.

unnecessarily burden the Movant when prompt adjudication of the state court actions will assist in the resolution of this bankruptcy proceeding.

Finally, if the stay is lifted, the Debtor's estate can be protected adequately by the requirement that the Movant seek enforcement of any judgment through the bankruptcy court. According to the Debtor's own argument, the only prejudice he will suffer if the stay is lifted is the expense of litigation. In this case, the Court finds that this fact alone is not sufficient grounds for denying the motion for relief from stay.

After careful consideration of both the potential prejudice to the Debtor's estate if the stay is lifted and the hardships that will be experienced by the Movant, the Court, in its discretion, finds that cause exists to grant the motion. Based upon the foregoing, Ronnie Delp Hubble's Motion for Relief from the Automatic Stay is hereby granted.

SO ORDERED.

# SERVICE LIST

Larry Ray Horn
Debtor

Anthony Vrsecky
Attorney for Debtor

Thomas Anderson
Special Counsel for Debtor

John Morrow
Special Counsel for Debtor

Kristen Nardone
Attorney for Hubble

Jennifer Ledford
Attorney for Gwendolyn Horn

Robert E. Price, Jr.
Staff Attorney for Bankruptcy Administrator

Kathryn L. Bringle
Trustee